# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2025

Lyle W. Cayce
Clerk

No. 23-40258
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellant*,

*versus*

YAMA ANTHONY MCPHERSON,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CR-81-1

———————————————————————

Before BARKSDALE, GRAVES, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

The Government appeals the dismissal of Yama Anthony McPherson's indictment, which charged him with possession of a firearm by a person subject to a protective order, in violation of 18 U.S.C. § 922(g)(8). The district court dismissed McPherson's indictment in the light of *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023) (*Rahimi 2023*), which held

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

§ 922(g)(8) was facially unconstitutional. During the pendency of this appeal, the Supreme Court overruled *Rahimi 2023* in its entirety and held § 922(g)(8)(C)(i) is facially constitutional. *See United States v. Rahimi*, 602 U.S. 680, 693, 700 (2024) (*Rahimi 2024*); *see also United States v. Perez-Gallan*, 125 F.4th 204, 209, 212 n.12 (5th Cir. 2024). Thereafter, our court held § 922(g)(8)(C)(ii) is likewise facially valid. *See Perez-Gallan*, 125 F.4th at 217.

Contrary to McPherson's assertions, the Government has neither waived nor forfeited the right to challenge the dismissal of his indictment. *E.g.*, *United States v. Rodriguez*, 602 F.3d 346, 350–51 (5th Cir. 2010). Accordingly, we review the Government's claim *de novo*. *E.g.*, *United States v. Contreras*, 125 F.4th 725, 728 (5th Cir. 2025).

McPherson agrees that the facial constitutional challenge raised in his motion to dismiss is now precluded. In the light of the intervening precedent, we VACATE and REMAND for consideration by the district court in the first instance of McPherson's as-applied challenge to § 922(g)(8)(C)(ii). *See Perez-Gallan*, 125 F.4th at 217; *see also Utah v. Su*, 109 F.4th 313, 319–20 (5th Cir. 2024).